UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jason A. Lamberson,

    Plaintiff,

v.

Bank of America Corporation, Minnesota
Repossessors, Inc., and George Berglund,
individually,

    Defendants.

MEMORANDUM OPINION
AND ORDER
Civil No. 11-335 ADM/TNL

_____

Thomas J. Lyons, Esq., Lyons Law Firm, P.A., Vadnais Heights, MN, on behalf of Plaintiff.

Patrick H. Elliott, Esq., and Bradley C. Mann, Esq., Elliott Law Offices, PA, Minneapolis, MN, on behalf of Defendants George Berglund and Minnesota Repossessors, Inc.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Plaintiff Jason A. Lamberson's ("Lamberson") Motion for Attorneys' Fees and Costs [Docket No. 55] against Defendants George Berglund ("Berglund") and Minnesota Repossessors, Inc. ("Minnesota Repossessors"). For the reasons set forth below, Lamberson is awarded $18,481.12 in fees and costs.

## II. BACKGROUND

In early 2003, Lamberson and his former wife financed the purchase of a boat, outboard motor and boat trailer with a loan from Defendant Bank of America ("BOA"). 2d Am. Compl. [Docket No. 22] ¶ 7. Shortly after Lamberson and his wife separated in October 2008, he ceased receiving payment slips and information on the loan. Id. ¶¶ 12–16. For almost two years, Lamberson experienced difficulties with BOA, and in September 2010, BOA hired Minnesota

Repossessors and debt collector Berglund individually to repossess Lamberson's boat. Id. ¶¶ 16–25. In the process of Defendants' attempted repossession, Berglund called Lamberson several times on October 9, 2010, allegedly in violation of the Fair Debt Collection Practices Act ("FDCPA"). Id. ¶¶ 29–33.

On February 9, 2011, Lamberson filed a Complaint alleging various causes of action against Defendants, including that they violated the FDCPA. Id. ¶¶ 38–42. In May 2012, the parties settled, and the case was dismissed. See Stipulation of Dismissal [Docket No. 52]; Order for Dismissal [Docket No. 53]. On July 19, 2012, Lamberson filed his Motion for Attorneys' Fees. On August 24, 2012, Defendants Berglund and Minnesota Repossessors filed their Memorandum in Opposition to Plaintiff's Motion for Attorneys' Fees and Costs [Docket No. 59] ("Defs.' Mem. in Opp'n").[1]

### III. DISCUSSION

Lamberson seeks attorneys' fees and costs under the fee-shifting provision of the FDCPA. Attorneys' fees are mandatory under the FDCPA. See 15 U.S.C. § 1692k(a)(3) ("[A]ny debt collector who fails to comply with [FDCPA is liable for,] . . . in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.").

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."

---

[1]Defendants' Memorandum in Opposition was filed twenty-two days late. Pursuant to the local rules, the deadline for this response memorandum was fourteen days after Plaintiff's Fee Motion, or August 2, 2012. See L.R. 54.3(b)(1). Defendants requested no extension. The Court will not strike the tardy memorandum because it raises no new or novel arguments, only obvious ones. The Plaintiff is not prejudiced by the lateness of the submission in this case.

2

Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). This lodestar method is used to determine attorneys' fees in FDCPA cases. Gupta v. Arrow Fin. Svcs., LLC, Civ. No. 9-3313, 2012 WL 1060054, at *1 (D. Minn. Mar. 29, 2012). "The most important factor in determining what is a reasonable fee is the magnitude of the plaintiff's success in the case as a whole." Jenkins v. Missouri, 127 F.3d 709, 716 (8th Cir. 1997). Other factors courts consider in determining reasonableness of fees include:

> (1) the time and labor required; (2) the novelty or difficulty of the issues; (3) the skill required of the attorney to properly perform legal services; (4) preclusion of other employment due to acceptance of the case; (5) the attorney's customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the experience, reputation, and ability of the attorney; (9) the undesirability of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases.

Westendorp v. Indep. Sch. Dist. No. 273, 131 F. Supp. 2d 1121, 1125 (D. Minn. 2000) (citing Zoll v. E. Allamakee Cmty. Sch. Dist., 588 F.2d 246, 252 n.11 (8th Cir. 1978)). The fee applicant bears the burden to produce evidence supporting the hourly rates charged and the hours expended. Hensley, 461 U.S. at 433.

### A. Appropriateness of Attorneys' Fees

Debt collectors are liable for the costs of the action and the attorneys' fees incurred by that action. See 15 U.S.C. § 1692k(a)(3). Indeed, the avowed purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors . . . ." 15 U.S.C. § 1692(e). As the debt collectors involved in this dispute, Berglund and Minnesota Repossessors are liable for attorneys' fees and costs. The Complaint alleges several FDCPA violations committed by Defendants Berglund and Minnesota Repossessors, not just by BOA. See 2d Am. Compl. ¶¶ 38–42. Accordingly, Lamberson's Motion for Attorneys' Fees and Costs from Defendants Berglund and Minnesota Repossessors is appropriate.

3

Further, an award of attorneys' fees in addition to the settlement between Lamberson and BOA will not result in a double recovery. In a Supplemental Declaration, Lamberson submitted the settlement agreement which plainly shows it did not include a waiver of attorneys' fees. See Supp. Decl. of Thomas J. Lyons [Docket No. 64] Ex. 2 ("BOA Settlement Agreement") ¶¶ 5–7 (releasing all Lamberson's claims against BOA, not attorneys' fees claims against Berglund or Minnesota Repossessors). An award of attorneys' fees here will not result in a double recovery for Lamberson.

### B. Reasonable Hours

Lamberson's attorneys claim they spent over 80 hours on this FDCPA claim, incurring $25,941 in attorneys' fees. This includes over 28 hours preparing for Defendants' discovery motions, nearly 25 hours on a partial summary judgment motion, and 15 hours on settlement. See Pl.'s Mem. in Support of Pl.'s Mot. for Attorneys' Fees and Costs [Docket No. 56] 2–3.

Upon careful review of the records submitted in support of Lamberson's request, the Court finds the number of hours claimed excessive. Lamberson's attorneys spent a considerable amount of time in this case as a necessary result of the vigorous defense and multiple amendments of the Complaint, which led to the settlement of the case. However, the Court finds, based on its experience, the hours spent on routine, boilerplate discovery matters and the hours expended on the withdrawn partial summary judgment motion are unreasonable.

Additionally, some of Lamberson's attorneys' billing records, particularly on the partial summary judgment motion, are vague or generalized and provide this Court with insufficient information to determine their appropriateness. Insufficient documentation may warrant a reduction in the fees requested because "incomplete or imprecise billing records preclude any meaningful review by the district court of the fee application." H.J. Inc. v. Flygt Corp., 925 F.2d

4

257, 260 (8th Cir. 1991) (affirming the district court's 20% reduction in requested attorney fees for inadequate documentation); see Hensley, 461 U.S. at 433 ("Where the documentation of hours is inadequate, the district court may reduce the award accordingly."). Lamberson's billing records for discovery matters and summary judgment work do not adequately support the number of hours billed. For example, one billing entry for 6 hours is labeled "File Review - outline for dispositive motion and email to client." Lyons Decl. [Docket No. 57] Ex. 2 at 9. Another billing entry on the same partial summary judgment motion billed 6 hours for "drafting, editing and research SJ memo - call to client for input on affidavit." Id. at 10. Because the number of hours billed are excessive, and because several of the billing entries are vague and generalized, the Court will reduce the hours Thomas J. Lyons, Jr. ("Lyons, Jr.") billed by 2 hours and the hours Thomas J. Lyons ("Lyons, Sr.") billed by 3 hours.

**C. Hourly Rates**

Lamberson's attorneys argue that their hourly rates are reasonable and aligned with local rates for similar legal work. This Court finds that the lodestar rate is excessive and reduces it accordingly.

One of Lamberson's attorneys, Lyons, Sr., states that his current hourly billing rate is $450, but that for the purposes of this attorneys' fee motion, he reduced his hourly rate to $375. Another experienced attorney, Lyons, Jr., reduced his rate from $400 to $350 for this lodestar determination. For a portion of the litigation, however, Lyons, Jr., was suspended from the practice of law and instead worked as a legal assistant at an hourly rate of $150. Another attorney, Trista M. Roy, billed at $250 per hour.

The Court approves some of the hourly rates billed but finds that several of the hourly rates billed here are excessive. The rate of Trisha M. Roy is reasonable and in keeping with

5

local rates on similar matters. See Erickson v. Messerli & Kramer P.A., Civ. No. 9-3044, 2011 WL 3798581, at *2 (D. Minn. Aug. 25, 2011) (awarding Trista Roy an hourly rate of $250 for work on a similar FDCPA case). Similarly, the legal assistant rate charged by Lyons, Jr., is also in line with local rates. Id. (reducing the legal assistant hourly rates of Lyons, Jr., from $200 to $150 in a similar FDCPA case).

As for the higher rates charged by Lyons, Sr., and Lyons, Jr., the Court finds these rates unreasonable. A court in this district has used a higher lodestar rate for similar litigation involving these same attorneys. See Morrow v. Weinerman & Assocs., LLC, Civ. No. 11-104, 2012 WL 1593301, at *2 (D. Minn. May 7, 2012) (granting hourly rate for Lyons, Jr., at $350 and reducing Lyons, Sr.'s hourly rate from $450 to $400). However, the bulk of cases, as well as the prevailing local market rate, militate for a reduced hourly rate for both Lyons in this case. See, e.g., Phenow v. Johnson, Rodenberg & Lauinger, PLLP, 766 F. Supp. 2d 955, 957–58 (D. Minn. 2011) (approving hourly fee of $350 for first chair and $225 for second-chair associate in a similar FDCPA case); Young v. Diversified Consultants, Inc., 554 F. Supp. 2d 954, 956–57 (D. Minn. 2008) (reducing rates of Lyons, Sr., and Lyons, Jr., to $325 and $300, respectively); Bankey v. Phillips & Burns, LLC, Civ. No. 7-2200, 2008 WL 2405773, at *2 (D. Minn. June 11, 2008) (reducing the hourly rate of Lyons, Sr., from $400 to $325 and for Lyons, Jr., from $400 to $300); Olson v. Messerli & Kramer, P.A., No. 7-CV-439, 2008 WL 1699605, at *2 (D. Minn. Apr. 9, 2008) (same); Michael L. Ita v. The Northland Group, Inc., 08-cv-456 (ADM/JSM) (approving hourly rates of $325 for Lyons, Sr., and $300 for Lyons, Jr.); Orsburne v. Assets Recovered, LLC, No. 7-1710 (D. Minn. Jan. 14, 2008) (reducing fees from $400 to $250 for Lyons, Sr., and $200 for Lyons, Jr., where FDCPA case was a straightforward individual case rather than a class action). For this case, the hourly rate for Lyons, Sr., is reduced to $350.

The reasonable rate for Lyons, Jr. is more difficult to ascertain. He was suspended from the practice of law after a state disciplinary proceeding. However, Lyons, Jr., seeks to charge his pre-suspension hourly rates immediately after his reinstatement. The market rate for an attorney reinstated to the practice of law after state disciplinary proceedings is uncertain, but the Court finds a well-informed market would not bear charging a full hourly rate immediately upon an attorney's reinstatement after a disciplinary suspension. Further, the lion's share of Lyons' share of the work performed is identical, whether performed as a legal assistant or as an attorney. Given the type of work performed and his recent reinstatement, Lyons, Jr.'s hourly rate is reduced to the rates he charged as a legal assistant. Accordingly, the total lodestar amount in this case is $17,458.00.[2]

Although Lamberson's attorneys argue that their rates have increased over the past years, this Court does not find a higher lodestar rate appropriate in this case. The Court acknowledges that Lyons, Sr., and Lyons, Jr., are leading members of the local consumer-protection bar, practice regularly before this district, and have extensive skill, experience, and reputation, all of which justify the hourly rates applied in this case. Given the prevailing market rates, the Court

---

[2]

|  | Hours | Rates | Billed |
| --- | --- | --- | --- |
| Thomas Lyons, Sr. | 19.67 | $350.00 | $6,884.50 |
| Thomas Lyons, Jr. - Attorney | 30.83 | $150.00 | $4,624.50 |
| Trista Roy | .33 | $250.00 | $82.50 |
| Thomas Lyons, Jr. - Legal Assistant | 39.11 | $150.00 | $5,866.50 |
|  |  | **TOTAL =** | **$17,458.00** |

finds the reduced hourly rates appropriate.

### D. Reduction in Lodestar Amount

Courts have discretion to reduce the lodestar rate in appropriate circumstances, Hensley, 461 U.S. at 434–35, but the lodestar figure is strongly presumed to be the proper award. Gupta, 2012 WL 1060054, at *1 (citing City of Burlington v. Dague, 505 U.S. 557, 562 (1992)). "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." Id. at 435. A court may adjust the lodestar rate downward for small recoveries or minor violations of the FDCPA. See Morrow, 2012 WL 1593301, at *1 (citing numerous cases). Here, Lamberson obtained a favorable settlement on a non-trivial FDCPA violation, and this Court finds the lodestar amount appropriate. Indeed, Lamberson's recovery was greater than that in another recent FDCPA case in which the court found "'small' is an inapt label for Plaintiff's recovery" and therefore declined to adjust the lodestar rate downward. Id., at *1–2. No reduction in the lodestar amount is appropriate in this case.

While other jurisdictions have awarded lesser lodestar rates, the hourly rates of other jurisdictions are of little assistance in determining the prevailing local rate for this district. See Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984) (iterating that the correct standard for determining the reasonableness of an hourly billing rate is whether it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation"). The Court finds this lodestar rate appropriate based on its own experience, see Warnock v. Archer, 397 F.3d 1024, 1027 (8th Cir. 2005) ("[District] courts may draw on their own experience and knowledge of prevailing market rates."), and will not adjust it downward.

### E. Costs

The Court finds that the costs requested by Lamberson — $1,023.12 — are reasonable and appropriate in this case. Costs are expressly recoverable by a successful plaintiff in an FDCPA case. See 15 U.S.C. § 1692k(a)(3); see also Pinkham v. Camex, Inc., 84 F.3d 292, 294–95 (8th Cir. 1996) ("[R]easonable out-of-pocket expenses of the kind normally charged to clients by attorneys . . . should have been included as part of the reasonable attorney's fees awarded.") (citations omitted). Lamberson's counsel has provided adequate documentation of the costs requested, and the Court finds them reasonable and necessary for litigation of this variety. Accordingly, the Court awards Lamberson $1,023.12 in costs.

### IV. CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Jason A. Lamberson's Motion for Attorneys' Fees and Costs [Docket No. 55] is **GRANTED IN PART** and **DENIED IN PART**; and

2. Defendants George Berglund and Minnesota Repossessors, Inc., shall pay Plaintiff Jason A. Lamberson's attorneys' fees in the amount of $17,458.00, plus costs of $1,023.12, totaling $18,481.12.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: September 19, 2012.